UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

FRANKIE BROWNING,

               Petitioner,               Case No. 1:10-cv-38

v.                                              Honorable Janet T. Neff

CAROL HOWES,

               Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.     Factual Allegations

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the Lakeland Correctional Facility. In 1976, he was convicted in the Wayne County Circuit Court of first-degree felony murder and was sentenced to life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed his conviction on February 24, 1978 and the Michigan Supreme Court denied his application for leave to appeal on November 16, 1979.[1]

Over twenty-five years later, in March 2006, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on March 24, 2009 and November 23, 2009, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I.     PETITIONER WAS DENIED FUNDAMENTAL FAIRNESS, DUE PROCESS AND EQUAL PROTECTION OF LAW WHERE THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN ISSUING AN OPINION AND ORDER THAT WAS NOT BASED UPON A SOUND FACTUAL AND LEGAL PREMISE AND REMAINS IN CONFLICT WITH AND CONTRARY TO THE TRUE FACTS, CIRCUMSTANCES AND EVIDENCE PRESENTED ON MOTION FOR RELIEF FROM JUDGMENT OF CONVICTION.

---

[1] On or about December 29, 1988, Petitioner filed a petition for writ of habeas corpus in the Eastern District of Michigan challenging his 1976 conviction. *See Browning v. Quarles*, 2:88-cv-75093 (E.D. Mich.). The district court issued an opinion and judgment on September 21, 1989, denying the petition. Assuming Petitioner's 1976 petition was dismissed with prejudice, the "second or successive" provision set forth in 28 U.S.C. §2244(b) does not apply to habeas actions filed before the 1996 enactment of the AEDPA. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Rather, this Court would have considered whether the second or successive petition would have survived under the pre-AEDPA the "abuse of the writ" standard. *Id.* Because the instant petition is time-barred, the Court will not decide whether it constitutes an abuse of the writ.

> II. PETITIONER WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHERE COUNSEL'S SUBSTANDARD PERFORMANCE DEPRIVED PETITIONER [OF] THE RIGHT TO TESTIFY AND PRESENT THE VALID DEFENSE OF ALIBI, TO HAVE THE JURY INSTRUCTED ON THE ALIBI DEFENSE, TO HAVE THE COURT RULE IN REGARDS TO DIRECT VERDICT OF ACQUITTAL, AND WHERE DISPARAGING DEFENSES WERE PRESENTED (IN REGARDS TO CO-DEFENDANT).
>
> III. PETITIONER WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE PETITIONER AND HIS CO-DEFENDANT WERE REPRESENTED BY THE SAME APPELLATE COUNSEL ON APPEAL OF RIGHT, FAILED TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS (ISSUE II) AND FAILED TO RAISE CLEAR AND COGENT MATERIALLY RELEVANT ISSUES HAVING A FAR GREATER IMPACT ON APPEAL.
>
> IV. PETITIONER, HAVING SATISFIED THE GOOD CAUSE AND ACTUAL PREJUDICE CRITERIA SET FORTH IN MCR 6.508(D), AND HAVING ESTABLISHED ENTITLEMENT TO RELIEF FROM JUDGMENT, IS ENTITLED TO LEAVE TO APPEAL AND BASED UPON THE MERITS OF THE CLAIMS OF ERROR PRESENTED IS ENTITLED TO REVERSAL OF HIS CRIMINAL CONVICTION.

(Pet., 6-10, docket #1.)

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on November 16, 1979. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had

expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 14, 1980.

A petitioner whose conviction became final prior to the effective date of the AEDPA on April 24, 1996, had one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Thus, without the benefit of tolling, Petitioner had until April 24, 1997, in which to file his petition. The instant petition was filed on or about January 12, 2010[3], more than twelve years after the statute of limitations expired. Consequently, the petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 1997, his motion for relief from judgment filed in 2006 cannot serve to revive the limitations period.

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on January 12, 2010, and it was received by the Court on January 15, 2010. Thus, it must have been handed to prison officials for mailing at some time between January 12 and 15. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner contends that the court should grant him equitable tolling because he is actually innocent of the offense of felony murder. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A

petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). Petitioner fails to meet the standard for proving a claim of actual innocence. Plaintiff has not presented any new evidence whatsoever in support of his claim. He merely argues that, based upon the evidence presented at trial, he could not be found guilty of the offense. Actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Because Petitioner fails to present any new, reliable evidence and argues only the insufficiency of the evidence, he is not entitled to equitable tolling of the statute of limitations

Furthermore, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: February 25, 2010                               /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).