UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANKIE BROWNING,

    Petitioner,                                     Case No. 1:10-cv-38

v                                                     HON. JANET T. NEFF

CAROL HOWES,

    Respondent.
_____/


## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). (Dkt 4). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. (Dkt 5). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

As the Magistrate Judge correctly noted, although late filed habeas corpus petitions are generally barred by the one-year statute of limitations applicable to § 2254, exceptions are permitted, in extraordinary cases, for equitable tolling of the limitations period. *See Akwari v. Booker*, 572

F.3d 252, 260 (6th Cir. 2009). One such exception is where a petitioner can show actual innocence. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). To make a prima facie showing of actual innocence the petitioner must provide new reliable evidence that, taken together with the evidence presented at his trial, tends to show that it is more likely than not that, in light of all the evidence, no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner does not object to the application of this legal standard in his case. (Dkt 5 at 2-3). Instead, Petitioner argues that the Magistrate Judge erred in concluding that Petitioner did not provide any new evidence upon which to base a claim of actual innocence. (Dkt 5 at 2; R & R, Dkt 4 at 6-7). Specifically, he argues that the Magistrate Judge erred in failing to consider as "new evidence" the testimony of two alibi witnesses not presented at his trial. (Dkt 5 at 3). In support of this conclusion, Petitioner states that this alibi evidence, when considered with other trial testimony and trial counsel's failure to present an alibi defense, meets the standard for a showing of "actual innocence." (*Id.* at 5).

Petitioner's argument is without merit. By his own admission, the only document that Petitioner provided this Court relating to the alleged evidence was a Notice of Alibi that was originally filed at his trial. (*Id.* at 3). Petitioner's mere assertion that there are two alibi witnesses who can testify on Petitioner's behalf does not meet the standard for new evidence. *See Schulp*, 513 U.S. at 324 (noting that a petitioner must provide "new reliable evidence" to support a claim of actual innocence). No affidavits or other statements by either of these alleged witnesses were provided by Petitioner. (*See* Pet., Dkt 1).

Therefore, because the Magistrate Judge correctly found that Petitioner "has not presented any new evidence whatsoever in support of his claim[,]" his objection is denied. (Dkt 4 at 7).

2

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.

Date: May 18, 2010                          /s/ Janet T. Neff
                                                                         JANET T. NEFF
                                                                         United States District Judge